IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,           :
                                    :
            Plaintiff,              :
                                    :
    v.                              :        Criminal Action No. 06-125-SLR
                                    :
TERESA MARIE FLOOD,                 :
                                    :
            Defendant.              :


## JOINT SET OF PROPOSED JURY INSTRUCTIONS


Elayne C. Bryn                      COLM F. CONNOLLY
Attorney for the Defendant          United States Attorney

                                    Beth Moskow-Schnoll
                                    Assistant United States Attorney
                                    Attorney for the Plaintiff


Dated: November 6, 2007

# **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Role of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Conduct of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Evidence (What is; What is not) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Nature of the Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Elements of the Offenses Charged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Presumption of Innocence; Burden of Proof; Reasonable Doubt . . . . . . . . . . . . . . . . 15

    Separate Consideration - Single Defendant Charged with Multiple Offenses . . . . . . . . 17

II. FINAL INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    A. General Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        Role of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        Not all Evidence, Not all Witnesses Needed . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

        Presumption of Innocence; Burden of Proof; Reasonable Doubt . . . . . . . . . . . . 27

    B. Nature of the Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

        Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

i

On or About . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Counts One and Four, Wire Fraud, Essential Elements . . . . . . . . . . . . . . . . . . . 31

Count Two, Bank Fraud, Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . 35

Counts Three and Five, Aggravated Identity Theft, Essential Elements . . . . . . . 38

Counts Two, Three, Four and Five, Aiding and Abetting . . . . . . . . . . . . . . . . . 40

Proof of Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

Deliberate Ignorance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

C. Consideration of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Separate Consideration - Single Defendant Charged with Multiple Offenses . . . 45

Stipulated Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Stipulation of Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

Audio/Video Recordings - Transcripts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

Opinion Evidence (Expert Witnesses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

Opinion Evidence (Lay Witnesses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Summaries - Not Admitted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Summaries - Admitted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

Credibility of Witnesses - Law Enforcement Officer . . . . . . . . . . . . . . . . . . . . 53

Impeachment of Witness - Prior Conviction . . . . . . . . . . . . . . . . . . . . . . . . . . 54

Defendant's Choice Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

Defendant's Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

D. Deliberations and Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Unanimous Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

Court Has No Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

# I. **PRELIMINARY INSTRUCTIONS**

## **ROLE OF THE JURY**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

1

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Cir. § 1.02.

## **CONDUCT OF THE JURY**

Here are some important rules about your conduct as jurors:

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell

3

them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Also, do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet for additional information. You must decide this case based only on the evidence presented in the courtroom and my instructions about the law. It would be improper for you to try to supplement that information on your own.

(8) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

Model Criminal Jury Instructions, 3d Cir. § 1.03.

4

## **EVIDENCE (WHAT IS; IS NOT)**

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness' answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to

5

a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other

6

evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Cir. § 1.08.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you are to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Cir. § 1.09.

8

# CREDIBILITY OF WITNESSES

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness' testimony in court;

9

(7) Whether the witness' testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Cir. § 1.10.

10

## **NATURE OF THE INDICTMENT**

The government has charged the defendant with violating federal law, specifically the wire fraud, bank fraud and aggravated identity theft statutes. The charges against the defendant are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Cir. § 1.11.

11

## ELEMENTS OF THE OFFENSES CHARGED

In Counts One and Four, the Indictment charges the defendant with wire fraud. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**    That there was a scheme or artifice to defraud;

**Second:**    That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

**Third:**    That in advancing, furthering, or carrying out the scheme, the defendant caused interstate wire communications to take place as specified in the Indictment.

In Count Two, the Indictment charges the defendant with bank fraud. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First**:    That there was a scheme to defraud a bank;

**Second:**    That the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and

**Third**:    That at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

In Counts Three and Five, the Indictment charges the defendant with aggravated identity theft. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

12

**First:**      That the defendant knowingly used, without lawful authority, a means of

identification of another person; and

**Second:**      That the defendant used the means of identification of another person

during and in relation to bank fraud (as charged in Count Two) and wire

fraud (as charged in Count Five).

For you to find the defendant guilty of Counts Two, Three, Four or Five it is not

necessary for you to find that the defendant personally committed the crime herself. You may

also find her guilty if she intentionally helped someone else to commit the crime. A person who

does this is called an aider and abettor. The essential elements of the offense of aiding and

abetting, each of which the government must prove beyond a reasonable doubt are:

**First:**      that the charged crime was committed.

**Second:**      that the defendant knew that the crime was being committed.

**Third:**      that the defendant helped to commit the crime.

**Fourth:**      that the defendant intended to help commit the crime.

What I have just told you is only a preliminary outline of the elements of the offenses

charged. At the end of trial, I will give you final instructions on the elements of the offenses

charged and on other matters of law. Those final instructions will be more detailed; they will

guide you in reaching your verdict in this case.

Model Criminal Jury Instructions, 3d Cir. § 1.12; Pattern Criminal Jury Instructions, 6th Circuit
§ 4.01; 18 U.S.C. § 1343; L. Sand, *et al.*, Modern Federal Jury Instructions, at 44-4, 44-5, 44-7
(2007); United States v. Antico, 275 F.3d 245, 261 (3d Cir. 2001); United States v. Monostra,
125 F.3d 183, 186-87 (3d Cir. 1997); 2 Devitt and Blackmar, Federal Jury Practice and
Instructions, 4th Edition, Section 40.14; 18 U.S.C. § 1344; L. Sand, *et al.*, Modern Federal Jury

13

Instructions, at 44-5, 44-9, 44-10, 44-10, 44-11, 44-12 (2007); 18 U.S.C. §§ 1028A, 1028(d)(7)(A); See 2 L. Sand, *et al.,* Modern Federal Jury Instructions at 44-3, 44-9, 44-11 (2007); Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (2003).

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant has pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. She starts the trial with a clean slate, with no evidence against her. The presumption of innocence stays with the defendant unless and until the government presents evidence that overcomes that presumption by convincing you that the defendant, Teresa Marie Flood, is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person

15

to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved the defendant, Teresa Marie Flood guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

Model Criminal Jury Instructions, 3d Cir. § 1.13.

16

## SEPARATE CONSIDERATION –
## SINGLE DEFENDANT CHARGED WITH MULTIPLE OFFENSES

The defendant is charged with five offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Model Criminal Jury Instructions, 3d Cir. § 1.14.

## II. **FINAL INSTRUCTIONS**

### A. **GENERAL INSTRUCTIONS**

### **ROLE OF JURY**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Cir. § 3.01.

18

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be

19

received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your

decision in this case.  Also, do not assume from anything I may have done or said during the trial

that I have any opinion about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Cir. § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either

direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Cir. § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

24

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Cir. § 3.04.

25

## **NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

Model Criminal Jury Instructions, 3d Cir. § 3.05.

## PRESUMPTION OF INNOCENCE;
## BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. She started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of .

27

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, 3d Cir. § 3.06.

## B. NATURE OF THE INDICTMENT

### INTRODUCTION

As you know, the defendant is charged in the indictment with violating federal law, specifically the wire fraud statute, the bank fraud statute and the aggravated identity theft statute. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Cir. § 3.07.

## **ON OR ABOUT**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Model Criminal Jury Instructions, 3d Cir. § 3.08.

## COUNTS ONE AND FOUR
## WIRE FRAUD
## <u>ESSENTIAL ELEMENTS</u>

Counts One and Four of the Indictment both charge the defendant with the crime of wire fraud. In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:** That there was a scheme or artifice to defraud;

**Second:** That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

**Third:** That in advancing, furthering, or carrying out the scheme, the defendant caused interstate wire communications to take place as specified in the Indictment.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:** The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud.

A "scheme or artifice to defraud" is a scheme that demonstrates a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community. Count One of the Indictment in this case alleges that in carrying out such a scheme, the defendant transmitted or caused the transmission of a facsimile containing false employment information. Count Four of the Indictment in this case alleges that in carrying out such a scheme, Glenny Coleman, III, aided and abetted by the defendant, caused a facsimile to be transmitted stating that "Michael Fuller" had been approved for a purchase loan in the amount of $399,900.

31

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element**:  The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly and with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.  An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

In order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that the defendant was a culpable participant - that she knew that her conduct as a participant in the scheme was calculated to defraud and, nonetheless, she associated

32

herself with the alleged fraudulent scheme for the purpose of defrauding another person or entity. If you find that the defendant was not a knowing participant in the fraudulent scheme or that she lacked the intent to defraud, you should acquit her.

**Third Element**:   The third and final element that the government must establish beyond a reasonable doubt is the transmission of an interstate wire communication in furtherance of the scheme to defraud.  The transmission of a wire communication as I have used it here includes any interstate use of the telephone lines, as for example the transmission of a facsimile from one state to another.

The wire communication need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wire communication to be transmitted by others.  This does not mean that the defendant must specifically have authorized others to do the transmitting. When one does an act with knowledge that the wire communication will follow in the ordinary course of business or where such wire communication can reasonably be foreseen, even though not actually intended, then she causes the wire communication to be transmitted.

With respect to the wire communication, the government must establish beyond a reasonable doubt the particular wire communication charged in the Indictment.  However, the

33

government does not have to prove that the wire communication was transmitted on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire communication was transmitted on a date substantially similar or close in time to the date charged in the Indictment.

18 U.S.C. § 1343; L. Sand, *et al.*, Modern Federal Jury Instructions, at 44-4, 44-5, 44-7 (2007); United States v. Antico, 275 F.3d 245, 261 (3d Cir. 2001); United States v. Monostra, 125 F.3d 183, 186-87 (3d Cir. 1997); United States v. Dobson, 419 F.3d 231, 237 (3d Cir. 2005); 2 Devitt and Blackmar, Federal Jury Practice and Instructions, 4th Edition, Section 40.14.

## COUNT TWO
## BANK FRAUD
## ESSENTIAL ELEMENTS

Count Two of the Indictment charges the defendant with the crime of bank fraud. In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

> **First:**  That there was a scheme to defraud a bank;
>
> **Second:**  That the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and
>
> **Third:**  That at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**  The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank as described in the Indictment. A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property with the intent to cause the bank to suffer an actual or potential loss.

Although it is not necessary for the government to prove an actual loss of funds by the bank, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the Indictment, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk.

A scheme to defraud need not be shown by direct evidence, but may be established by all

of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element**:      The second element that the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme to defraud knowingly, wilfully, and with specific intent to defraud the bank.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Wilfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. In other words, a person is a culpable participant only if she had knowledge of the illicit objectives of the fraudulent scheme and wilfully intended that those larger objectives be achieved.

To act with intent to defraud means to act wilfully and the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required, and knowledge and criminal intent may be proved by circumstantial evidence. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

**Third Element**:        The third and final element that the government must prove beyond a reasonable doubt is that Wells Fargo Bank was insured by the Federal Deposit Insurance Corporation at the time of the execution of the alleged scheme to defraud.

[As to this element, there is no issue since a stipulation was entered into and read to you in which the parties agree that Wells Fargo Bank & Trust Company was insured by the Federal Deposit Insurance Corporation at the time in question.]

It is not necessary for the government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the institution was insured by the Federal Deposit Insurance Corporation. It must prove, however, that the defendant intended to defraud a financial institution.

18 U.S.C. § 1344; L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, at 44-5, 44-9, 44-10, 44-10, 44-11, 44-12 (2007); <u>United States v. Dobson</u>, 419 F.3d 231, 237 (3d Cir. 2005).

## COUNTS THREE AND FIVE
## AGGRAVATED IDENTITY THEFT
## ESSENTIAL ELEMENTS

Counts Three and Five of the Indictment charge the defendant with the crime of

aggravated identity theft. In order to sustain this charge, the government must prove each of the

following elements beyond a reasonable doubt:

> **First:**     That the defendant knowingly used, without lawful authority, a means of
>
>                 identification of another person; and
>
> **Second:**    That the defendant used the means of identification of another person
>
>                 during and in relation to bank fraud (as charged in Count Two) and wire
>
>                 fraud (as charged in Count Four).

As stated before, the burden is always on the government to prove beyond a reasonable

doubt every essential element of the crime charged.

**First Element:**   The first element that the government is required to prove beyond a

reasonable doubt refers to a means of identification. The term "means of identification" is

defined as any name or number, including any social security number, that may be used, alone or

in conjunction with any other information, to identify a specific individual.

The term "knowingly", as that term has been used in the Indictment and in these

instructions, means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

**Second Element:**   The second element that the government must prove beyond a

reasonable doubt is that the defendant used the means of identification during and in relation to

bank fraud as charged in Count Two and during and in relation to wire fraud as charged in Count

Five. In order for you to find that the defendant acted "during and in relation to" an offense, you

38

must find that the unauthorized use of the means of identification facilitated or played a role in the offense.

You are advised that the elements of bank fraud are as follows: first, that there was a scheme to defraud a bank; second, that the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation. You are advised that the elements of wire fraud are as follows: first, that there was a scheme or artifice to defraud; second, that the defendant knowingly and intentionally aided and abetted others in the scheme; and third, that in the execution of the scheme, the defendant used or caused the use of interstate wires.

You may use the Court's definitions of the elements of the offenses of bank and wire fraud in considering whether the defendant's actions facilitated or played a role in the offense, keeping in mind that Count Two charges use of means of identification during and in relation to bank fraud, and not the commission of bank fraud, and that Count Five charges use of means of identification during and in relation to wire fraud, and not the commission of wire fraud.

18 U.S.C. §§ 1028A, 1028(d)(7)(A); See 2 L. Sand, *et al.*, Modern Federal Jury Instructions at 44-3, 44-9, 44-11 (2007); Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (2003).

## COUNTS TWO, THREE, FOUR AND FIVE
## AIDING AND ABETTING

A person may be guilty of offenses because she personally committed the offenses herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted Glenny Coleman in committing bank fraud, aggravated identity theft and wire fraud as charged in Counts Two, Three, Four and Five of the indictment. In order to find the defendant guilty of these offenses because she aided and abetted Glenny Coleman in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four requirements:

**First:**     that Glenny Coleman committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.

**Second:**      that the defendant knew that the offenses charged were going to be committed or were being committed by Glenny Coleman, and

**Third:**      that the defendant did some act or acts for the purpose of assisting Glenny Coleman in committing the offenses and with the intent that Glenny Coleman commit the offenses, and

**Fourth:**     that the defendant's acts did, in some way, assist Glenny Coleman to commit the offenses. The defendant's acts need not themselves be against the law.

Evidence that the defendant was merely present during the commission of the offenses is

40

not enough for you to find the defendant guilty as an aider and abetter. In addition, if the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to assist or otherwise associate herself with the offense, you may not find the defendant guilty of the offenses as an aider and abetter. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offenses committed by Glenny Coleman as something the defendant wished to bring about and to make succeed.

Model Criminal Jury Instructions, 3d Cir. § 7.02.

41

## **PROOF OF INTENT**

Often the intent with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's intent can be proved indirectly from the surrounding circumstances. Thus, to determine what the defendant intended at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts she knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from her actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from her actions. This is entirely up to you to decide as the finders of the facts in this case.

Model Criminal Jury Instructions, 3d Cir. § 5.01.

## **DELIBERATE IGNORANCE**

(if applicable)

(Offered by the Government only.)

The Government may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that the defendant deliberately closed her eyes to what would otherwise have been obvious to her. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment would permit the jury to find knowledge. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.09 (5th ed.).

## C.  CONSIDERATION OF EVIDENCE

## INTRODUCTION

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

See Pattern Criminal Jury Instructions, 6th Circuit, §7.01.

44

## SEPARATE CONSIDERATION---
## SINGLE DEFENDANT CHARGED WITH MULTIPLE OFFENSES

The defendant is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Model Criminal Jury Instructions, 3d Cir. § 3.12.

45

## STIPULATED TESTIMONY

### (if applicable)

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

Model Criminal Jury Instructions, 3d Cir. § 4.01.

## **AUDIO/VIDEO RECORDINGS - TRANSCRIPTS**

You have heard audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

Model Criminal Jury Instructions, 3d Cir. § 4.06.

48

## OPINION EVIDENCE (EXPERT WITNESSES)

(if applicable)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from *(state the name of the person(s) who offered an opinion)*. Because of *(his)(her)(their)* knowledge, skill, experience, training, or education in the field of *(state the witness(es)'s field)*, *(Mr.)(Ms.)(Dr.) (name) (was)(were)* permitted to offer a(n) opinion(s) in that field and the reasons for *(that)(those)* opinions.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

Model Criminal Jury Instructions, 3d Cir. § 4.08.

49

## **OPINION EVIDENCE (LAY WITNESSES) (F.R.E. 701)**

### (if applicable)

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted *(name)* to offer *(his)(her)* opinion based on *(his)(her)* perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

Model Criminal Jury Instructions, 3d Cir. § 4.09.

50

## SUMMARIES – NOT ADMITTED

(if applicable)

The government presented certain charts and summaries in order to help explain the facts disclosed by the records and documents which were admitted as evidence in the case. The charts and summaries are not themselves evidence or proof of any facts. If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

Model Criminal Jury Instructions, 3d Cir. § 4.10.

## **SUMMARIES – ADMITTED (F.R.E 1006)**

(if applicable)

Certain charts and summaries offered by the government were admitted as evidence. You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

Model Criminal Jury Instructions, 3d Cir. § 4.11.

52

## CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER

You have heard the testimony of a law enforcement officer. The fact that a witness is employed as a law enforcement officer does not mean that *(his)(her)* testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, 3d Cir. § 4.18.

53

## **IMPEACHMENT OF WITNESS – PRIOR CONVICTION (F.R.E. 609)**

You heard evidence that Glenny Coleman, a witness for the defendant, was previously convicted of several crimes involving dishonesty and false statements. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe Glenny Coleman and how much weight to give to Glenny Coleman's testimony.

Model Criminal Jury Instructions, 3d Cir. § 4.25.

## **DEFENDANT'S CHOICE NOT TO TESTIFY**

(if applicable)


The defendant did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that she is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against her because she did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.


Model Criminal Jury Instructions, 3d Cir. § 4.27.

## DEFENDANT'S TESTIMONY

(if applicable)

In a criminal case, the defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, the defendant testified. You should examine and evaluate her testimony just as you would the testimony of any witness.

Model Criminal Jury Instructions, 3d Cir. § 4.28.

## D. **DELIBERATIONS AND VERDICT**

### **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

<u>See</u> Pattern Criminal Jury Instructions, 6th Circuit, §8.01

## **UNANIMOUS VERDICT**

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged in that Count of the Indictment.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each Count of the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.03.

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.04.

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.05.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, I have included a series of additional questions called "interrogatories" for you to answer about the facts of this case. If you find that the government has proven a particular fact beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a particular fact beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.06.

61

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.09.

62