**CHARGE TO THE JURY**

**UNITED STATES OF AMERICA**

**v.**

**TERESA M. FLOOD**

**Crim. No. 06-125-SLR**

**ROBINSON, District Judge**
**November 28, 2007**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

The defendant has pleaded not guilty to the crimes charged in the indictment. A defendant starts trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent. This presumption of innocence stays with her unless the government presents evidence in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the government to prove that she is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

For the crime charged, the government must prove every element of that crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict as to that count. If you

3

are not convinced, say so by returning a not guilty verdict as to that count.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case consists of the sworn testimony of witnesses - regardless of who may have called them; all exhibits received in evidence - regardless of who may have produced them; and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

In addition, the indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring her to trial. You must not consider the indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INDICTMENT IS NOT EVIDENCE

The defendant has been charged by the government with violating federal laws. The charges against the defendant are contained in an indictment.

As noted before, an indictment itself is not evidence. It merely describes the charges made against the defendant. It is nothing more than an accusation. You may not consider it as evidence of the guilt of the defendant. Even though an indictment was returned against the defendant, the defendant began this trial with absolutely no evidence against her.

The defendant has pleaded "not guilty" to the charges in the indictment and denies committing the offenses alleged by the government. She is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven her guilt beyond a reasonable doubt.

8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is the province of the jury to determine whether an incorrect statement or prior inconsistent statement discredits the witness's testimony.

But bear in mind that an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

10

You have heard testimony of law enforcement officers, including federal agents. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. A law enforcement witness' credibility should be judged in the same way as any other witness.

## DEFENDANT'S ELECTION NOT TO TESTIFY

The defendant did not testify in this case. Since the defendant is presumed to be innocent and since the burden of proof remains on the government throughout the trial and never shifts to the defendant, a defendant has an absolute right not to testify.

You must not hold the defendant's exercise of her constitutional right to remain silent against her. Furthermore, it would be improper and unfair for you to try and discuss or speculate as to why she has not testified. No adverse inference against the defendant may be drawn by you because she did not take the witness stand.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. The defendant is never required to prove that she is innocent.

12

## NATURE OF THE CHARGES
### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the particular crime was committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

13

## SEPARATE CONSIDERATION
## SINGLE DEFENDANT CHARGED WITH MULTIPLE OFFENSES

The defendant is charged with five offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

14

## COUNTS ONE AND FOUR
## WIRE FRAUD
## ESSENTIAL ELEMENTS

Counts one and four of the indictment both charge the defendant with the crime of wire fraud. In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:** That there was a scheme or artifice to defraud;

**Second:** That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

**Third:** That in advancing, furthering, or carrying out the scheme, the defendant caused interstate wire communications to take place as specified in the indictment.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:** The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud.

A "scheme or artifice to defraud" is a scheme that demonstrates a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community. Count one of the indictment in this case alleges that in carrying out such a scheme, the defendant transmitted or caused the transmission of a facsimile containing false employment information. Count four of the indictment in this case alleges that in carrying out such a scheme, Glenny Coleman, III, aided and abetted by the defendant, caused a facsimile to be transmitted stating that "Michael

15

Fuller" had been approved for a purchase loan in the amount of $399,900.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element:**   The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly and with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat. An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

In order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that the defendant was a culpable participant -

16

that she knew that her conduct as a participant in the scheme was calculated to defraud and, nonetheless, she associated herself with the alleged fraudulent scheme for the purpose of defrauding another person or entity. If you find that the defendant was not a knowing participant in the fraudulent scheme or that she lacked the intent to defraud, you should acquit her.

**Third Element:** The third and final element that the government must establish beyond a reasonable doubt is the transmission of an interstate wire communication in furtherance of the scheme to defraud. The transmission of a wire communication, as I have used it here, includes any interstate use of the telephone lines as, for example, the transmission of a facsimile from one state to another.

The wire communication need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wire communication to be transmitted by others. This does not mean that the defendant must specifically have authorized others to do the transmitting. When one does an act with knowledge that the wire communication will follow in the ordinary course of business or where such wire communication can reasonably be foreseen, then she causes the wire communication

17

to be transmitted.

With respect to the wire communication, the government must establish beyond a reasonable doubt the particular wire communication charged in the indictment. However, the government does not have to prove that the wire communication was transmitted on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wire communication was transmitted on a date substantially similar or close in time to the date charged in the indictment.

## COUNT TWO
## BANK FRAUD
## ESSENTIAL ELEMENTS

Count two of the indictment charges the defendant with the crime of bank fraud. In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**     That there was a scheme to defraud a bank;

**Second:**     That the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and

**Third:**     That at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**     The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank as described in the indictment. A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property with the intent to cause the bank to suffer an actual or potential loss.

Although it is not necessary for the government to prove an actual loss of funds by the bank, the government must prove beyond a reasonable doubt that, by executing or attempting to execute the scheme alleged in the indictment, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk.

19

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element:** The second element that the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme to defraud knowingly, wilfully, and with specific intent to defraud the bank.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Wilfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. In other words, a person is a culpable participant only if she had knowledge of the illicit objectives of the fraudulent scheme and wilfully intended that those larger objectives be achieved.

To act with intent to defraud means to act wilfully with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, she committed an act with fraudulent intent. Such direct proof is not required, and knowledge and criminal intent may be proved by circumstantial evidence. Circumstantial evidence, if believed, is of no less value than direct evidence.

20

In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

**Third Element**:        The third and final element that the government must prove beyond a reasonable doubt is that Wells Fargo Bank was insured by the Federal Deposit Insurance Corporation at the time of the execution of the alleged scheme to defraud.

As to this element, there is no issue since a stipulation was entered into and read to you in which the parties agree that Wells Fargo Bank & Trust Company was insured by the Federal Deposit Insurance Corporation at the time in question.

It is not necessary for the government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the institution was insured by the Federal Deposit Insurance Corporation. It must prove, however, that the defendant intended to defraud a financial institution.

## COUNTS THREE AND FIVE
## AGGRAVATED IDENTITY THEFT
## ESSENTIAL ELEMENTS

Counts three and five of the indictment charge the defendant with the crime of aggravated identity theft. In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**    That the defendant knowingly used, without lawful authority, a means of identification of another person; and

**Second:**    That the defendant used the means of identification of another person during and in relation to bank fraud (as charged in count two) and wire fraud (as charged in count four).

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**    The first element that the government is required to prove beyond a reasonable doubt refers to a means of identification. The term "means of identification" is defined as any name or number, including any social security number, that may be used, alone or in conjunction with any other information, to identify a specific individual.

The term "knowingly", as that term has been used in the indictment and in these instructions, means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

**Second Element:**    The second element that the government must prove beyond a reasonable doubt is that the defendant used the means of identification

22

during and in relation to bank fraud as charged in count two and during and in relation to wire fraud as charged in count four. In order for you to find that the defendant acted "during and in relation to" an offense, you must find that the unauthorized use of the means of identification facilitated or played a role in the offense.

You are advised that the elements of bank fraud are as follows: first, that there was a scheme to defraud a bank; second, that the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation. You are advised that the elements of wire fraud are as follows: first, that there was a scheme or artifice to defraud; second, that the defendant knowingly and intentionally aided and abetted others in the scheme; and third, that in the execution of the scheme, the defendant used or caused the use of interstate wires.

You may use the court's definitions of the elements of the offenses of bank and wire fraud in considering whether the defendant's actions facilitated or played a role in the offense, keeping in mind that count three charges use of means of identification during and in relation to bank fraud, and not the commission of bank fraud, and that count five charges use of means of identification during and in relation to wire fraud, and not the commission of wire fraud.

## COUNTS TWO, THREE, FOUR AND FIVE
## AIDING AND ABETTING

A person may be guilty of offenses because she personally committed the offenses herself or because she aided and abetted another person in committing the offenses. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that the defendant aided and abetted Glenny Coleman in committing bank fraud, aggravated identity theft and wire fraud as charged in counts two, three, four and five of the indictment. In order to find the defendant guilty of these offenses because she aided and abetted Glenny Coleman in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four requirements:

**First:** That Glenny Coleman committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.

**Second:** That the defendant knew that the offenses charged were going to be committed or were being committed by Glenny Coleman; and

**Third:** That the defendant did some act or acts for the purpose of assisting Glenny Coleman in committing the offenses and with the intent that Glenny Coleman commit the offenses; and

**Fourth:** That the defendant's acts did, in some way, assist Glenny Coleman to commit the offenses. The defendant's acts need not themselves

24

be against the law.

Evidence that the defendant was merely present during the commission of the offenses is not enough for you to find the defendant guilty as an aider and abetter. In addition, if the evidence shows that the defendant knew that the offenses were being committed or were about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to assist or otherwise associate herself with the offenses, you may not find the defendant guilty of the offenses as an aider and abetter. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offenses committed by Glenny Coleman as something the defendant wished to bring about and to make succeed.

## PROOF OF INTENT

Often the intent with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's intent can be proved indirectly from the surrounding circumstances. Thus, to determine what the defendant intended at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts she knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from her actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from her actions. This is entirely up to you to decide as the finders of the facts in this case.

26

## DELIBERATE IGNORANCE

The government may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that the defendant deliberately closed her eyes to what would otherwise have been obvious to her. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Therefore, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

27

## STIPULATION OF FACT

The government and the defendant have agreed that Wells Fargo Bank was
federally insured during the time period charged in the indictment. You, therefore,
should treat this fact as having been proved.

## AUDIO/VIDEO RECORDINGS - TRANSCRIPTS

You have heard audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

## IMPEACHMENT OF WITNESS-PRIOR CONVICTION

You heard evidence that Glenny Coleman, a witness for defendant, was previously convicted of several crimes involving dishonesty and false statements. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe Glenny Coleman and how much weight to give Glenny Coleman's testimony.

## "ON OR ABOUT" - DEFINED

The government does not have to prove with certainty that the alleged crimes occurred on the specific dates charged in the indictment. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room, but only when all jurors are present. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your

foreperson who, by custom of this court, is the juror seated in the first chair, front row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict, whether guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the crimes charged, you then return to the courtroom. Your foreperson will return the verdict to my courtroom deputy.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. If you decide that the government has proven the crimes charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the government has not proven the crimes charged against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Each of you should then sign the form, put the date on it, and return it to my courtroom deputy.

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

36

## COURT HAS NO OPINION

Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## END OF THE DAY

Let me finish with a general discussion about timing. We generally end our business day at 4:30. If we do not hear from you by 4:30, I will be sending a note into you to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations in the morning of the next business day. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations the next business day, although you can talk about the case in the jury room, you can only talk when you are all present and participating. And when you go home, you are still not to talk about the case among yourselves or with anyone else. You are only supposed to talk about the case while you all are in the jury room.

Unless I hear from you that you have a different schedule in mind, I will expect you all to come back the next business day at 9:30 a.m., unless you reach a verdict today. If you are recessing for the evening, again, you are not to start deliberating until you are all present in the jury room and participating together. Remember as well that you are not to read or listen to anything touching on this case, and you are not to conduct any independent investigation related to this case.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer back right away because we are all going to be stepping away from our phones for a few minutes.

38