IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA    :    CRIMINAL ACTION

v.    :    NO. 06-125

TERESA FLOOD    :

## DEFENDANT TERESA FLOOD'S MOTION FOR A JUDGMENT OF ACQUITTAL UNDER FED.R.CRIM. P. 29 AND FOR A NEW TRIAL UNDER FED.R.CRIM. P. 33

Defendant Teresa Flood, by her attorney, Elayne C. Bryn, Esquire, hereby moves pursuant to Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure, for a court order to set aside the verdict and enter a judgment of acquittal or in the alternative, grant a new trial. In support of this motion, defendant states:

1.  On November 16, 2006, Teresa Flood was charged in a four count criminal indictment with violating 18.U.S.C. §§ 1344 and 1342, bank fraud; 18.U.S.C. §§ 1028 A and 2 charging identity theft and 18.U.S.C. §1343 charging wire fraud.

2.  On September 18, 2007, the Government filed a Superseding Indictment charging Teresa Flood in a five count criminal indictment with violating 18.U.S.C. §§ 1344 and 1342, bank fraud; 18.U.S.C. §§ 1028 A and 2 charging identity theft, 18.U.S.C. §1343.

3. Count I charged the defendant with committing wire fraud, sending false employment documents by fax to purchase of an Acura automobile.

4. Count II charged that the defendant aided and abetted Glenny Coleman, III, in a scheme to defraud Wells Fargo Bank when a $15,000 check from a Wells Fargo Bank line of credit was deposited in the defendant's bank account.

5. Count III charged that the defendant aided and abetted Glenny Coleman, III, concerning aggravated identity theft concerning Jeffrey Frank and Wells Fargo Mastercard.

6. Count IV charged that the defendant aided and abetted Glenny Coleman in the commission of wire fraud concerning Michael Fuller and Jeffrey Hudak.

7. Count V charged that the defendant aided and abetted Glenny Coleman, III, concerning the aggravated identity theft of Michael Fuller and Jeffrey Hudak

8. A jury trial in this matter began on November 26, 2007, before the Honorable Sue L. Robinson.

8. On November 28, 2007, the juror returned a verdict of guilty on all counts.

9. Pursuant to Rule 29 defendant claims that the verdict was not supported by evidence sufficient to permit a rational trier of fact to find beyond a reasonable doubt that defendant committed wire fraud, sending false employment documents by fax to purchase of an Acura automobile, pursuant to Count I;  that the that the defendant aided and abetted Glenny Coleman, III, in a scheme to defraud Wells Fargo Bank when a $15,000 check from a Wells Fargo Bank line of credit was deposited in the defendant's bank account, pursuant to Count II;  that the defendant aided and abetted Glenny Coleman, III, concerning aggravated identity theft concerning Jeffrey Frank and Wells Fargo Mastercard, pursuant to Count III; that the defendant aided and abetted Glenny Coleman in the commission of wire fraud concerning Michael Fuller and Jeffrey Hudak, pursuant to Count IV and that the defendant aided and abetted Glenny Coleman, III,

concerning the aggravated identity theft of Michael Fuller and Jeffrey Hudak, pursuant to Count V.

10.  In the alternative, defendant claims that, pursuant to Rule 33, that, even if the evidence was technically sufficient, the District Court should grant a new trial on the ground that the verdict was contrary to the weight of the evidence.

11.  Defendant claims that the Court's jury instruction concerning "deliberate ignorance" (Jury Instructions, p.27) neutralized the Court's earlier instruction regarding the instruction concerning "knowingly" and "willfully". The jurors were instructed that "knowingly" means to act voluntarily and deliberately rather than mistakenly or inadvertently. The jurors were instructed that "willfully" means to act knowingly and purposely, with an intent to do something that the law forbids, that is to say, with bad purpose wither to disobey or to disregard the law. The jurors were further instructed that "In other words, a person is a culpable participant only if she had the knowledge of the illicit objectives of the fraudulent scheme and willfully intended that those larger objectives be achieved." (Jury Instructions, p.20)  Defendant claims that this instruction misstates the law of deliberate ignorance and the instruction is not supported by the evidence that was introduced at trial.

12.  Defendant respectfully requests that the Court grant an extension to supplement this Motion and submit a Memorandum of Law in support of this Motion, with specific references to the trial record, within fourteen (14) days the trial transcripts are received by counsel. Counsel has contacted the Clerk of the Court and the Court Stenographer and is presently obtaining the required transcript order forms to obtain the trial transcripts.

WHEREFORE, for the forgoing reasons, defendant by her counsel, respectfully requests that this motion to set aside the verdict and enter a judgment of acquittal or in the alternative, grant a new trial be granted.

Respectfully submitted,

ELAYNE C. BRYN, ESQUIRE
Attorney I.D. No. 51050
Two Penn Center Plaza
1500 J.F.K. Blvd., Suite 1230
Philadelphia, PA  19102
(215) 988-9570

Court Appointed Counsel for
Defendant, Teresa Flood

Date: 12·4·07

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Defendant's

has been served upon the following in the manners indicated:

By Federal Express:

The Honorable Sue L. Robinson
Federal Building
844 King Street
Wilmington, DE  19801

By First Class Mail – Postage Prepaid:

Beth Moskow-Schnoll, Asst. United States Attorney
Office of the United States Attorney
District of Delaware
1007 N. Orange Street, Suite 700
Wilmington, Delaware  19801

By First Class Mail – Postage Prepaid:

Ms. Teresa Flood
711 Engle Street.
Chester, PA 19013

Date: _12.4.07_

_____
ELAYNE C. BRYN, ESQUIRE